UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN FITNESS EQUIPMENT COMPANY, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>PRECOR INC., et al.,<br><br>  Defendants. | Case No. 18-cv-00820-JST<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: ECF No. 46 |

Before the Court is a joint motion to transfer or dismiss due to improper venue filed by Defendants Precor Incorporated ("Precor") and 24 Hour Fitness USA, Incorporated ("24 Hour Fitness"). ECF No. 46. For the reasons below, the Court grants the motion and transfers this case to the Western District of Washington.

I.  **BACKGROUND**

Green Fitness Equipment Company, LLC ("GFE") filed this action on February 8, 2017 in the Southern District of California. ECF No. 1 ¶ 2. Precor is a Delaware corporation with a principal place of business in Woodinville, Washington. *Id.* ¶ 3. 24 Hour Fitness is a California corporation with a principal place of business in San Ramon, California. *Id.* ¶ 4. GFE brought claims against Defendants for patent infringement; correction of inventorship; false advertising; and related state and common law claims. *Id.* ¶ 1.

On June 26, 2017, Precor filed a motion for leave to file a motion to dismiss or transfer in light of the Supreme Court's then-recent ruling in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017). ECF No. 18 at 2. In response, GFE argued that venue was proper because Precor has a regular and established place of business in California, including seven Precor Home Fitness ("PHF") locations. ECF No. 19 at 3. GFE's allegations regarding

Precor's activities were not made under penalty of perjury, and were supported only by screen shots from the websites of PHF and the Beverly Hilton Hotel (which uses the Precor name in connection with its fitness facility). ECF No. 19-1. On January 30, 2018, the Southern District granted Precor's motion for leave, and in the same order ruled on the merits of the motion. It accepted GFE's representations regarding Precor's California contacts and transferred the case to this district, in part because some of the PHF stores are located here. ECF No. 23-1 at 6.

On May 16, 2018, Defendants filed the instant motion to dismiss or transfer to the Western District of Washington pursuant with 28 U.S.C. § 1406(a). ECF No. 46. GFE opposes the motion and in the alternative requests that the Court defer ruling on the motion until GFE is permitted time to conduct venue-related discovery. ECF No. 54 at 17.

## II. LEGAL STANDARD

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue is proper under the patent venue statute if the action is "brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). "Whether venue is proper under [section] 1400(b) is an issue unique to patent law and is governed by Federal Circuit law." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018). Section 1400(b) "is intended to be restrictive of venue in patent cases compared with the broad general venue provision." *Id.* at 1014. "[U]pon motion by the [d]efendant challenging venue in a patent case, the [p]laintiff bears the burden of establishing proper venue." *Id.* at 1013.

"As applied to domestic corporations, 'reside[nce]' in [section] 1400(b) refers only to the State of incorporation." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017). When determining whether a defendant has a regular and established place of business in the district, three general requirements are relevant: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under

2

[section] 1400(b)." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

## III. DISCUSSION

GFE argues that Defendants waived their right to challenge venue at the district court level and that regardless of wavier, venue is proper because Precor has a regular and established place of business in this district. ECF No. 54 at 5, 11.

### A. Waiver

GFE first argues that Defendants waived their appeal rights when Precor failed to appeal to the Federal Circuit. ECF No. 54 at 5 ("At that time, if Precor wanted to contest venue Precor was required to have appealed the transfer order to the Federal Circuit within 30 days"[1]), 10. GFE cites no case on point, and the Court concludes that Defendants have not waived the issue.

As an initial matter, an order transferring a case from an improper venue is a collateral order which an aggrieved party cannot appeal. *See In re HTC Corp.*, 889 F.3d 1349, 1353-54 (Fed. Cir. 2018). And "mandamus review of an improper venue decision under [section] 1406(a) is rarely granted in the absence of exceptional circumstances." *In re BigCommerce, Inc.*, 890 F.3d 978, 981 (Fed. Cir. 2018) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 382–84 (1953)); *see also HTC*, 889 F.3d at 1353 ("Given the availability of adequate relief on appeal, mandamus review of improper-venue decisions is generally inappropriate.").

More fundamentally, Defendants did not waive their right to challenge venue – they asserted that right by asking for leave to file the appropriate motion in the Southern District. On that point, GFE argues that the Court should not "re-examine issues disposed of by the transferor court." ECF No. 54 at 11. But the issue was not fully litigated in the Southern District. When the case was before that court, Defendants asked for leave to file a venue transfer motion. GFE opposed Defendants' request for leave. The district court granted the motion for leave, and in the same breath proceeded to rule on the merits, even though the underlying motion was not fully briefed and was not yet before the Court. Given these circumstances, as GFE's lawyer acknowledged at the hearing on this motion, the Southern District's transfer decision was more in

---

[1] GFE cites Rule 4(a)(1)(A) for this proposition, *id.*, although that rule has no bearing on the issue.

3

the nature of a *sua sponte* order than it was a decision on a pending motion. Now that the motion is fully briefed for the first time, there are facts before this Court that were not before the Southern District, and it is apparent that many of GFE's assertions regarding venue cannot withstand scrutiny. Had the Southern District been aware of the true facts, it is unlikely it would have ruled the same way. No waiver occurred here.

GFE also suggests that Defendants waived their venue challenge by waiting four months after transfer to file it. ECF No. 54 at 11. GFE is correct that a party who delays too long can waive its venue challenge – courts have found waiver when a venue objection was raised "close to trial"; there was a "tactical wait-and-see"; or "dismissal or transfer might unduly prejudice a plaintiff." *See e.g.*, *Micron*, 875 F.3d at 1101–02; *FOX Factory, Inc. v. SRAM*, LLC, No. 3:16-CV-00506-WHO, 2018 WL 317839, at *2 (N.D. Cal. Jan. 8, 2018); *Boston Sci. Corp. v. Cook Grp. Inc.*, 269 F. Supp. 3d 229, 242 (D. Del. 2017). District courts have refused to find waiver, however, when the case was still in its early stages and transfer would not unduly prejudice the plaintiff, even when the defendant affirmatively participated in the litigation before making its motion. *See e.g., Nat'l Prod., Inc. v. Arkon Res., Inc.*, No. C15-1984JLR, 2018 WL 1457254, at *5 (W.D. Wash. Mar. 23, 2018) (finding no waiver of venue when the defendants did not raise the objection for six months following *TC Heartland* while actively litigating the case because no trial date had been set, the parties had not yet briefed their dispositive motions, and the plaintiff offered no basis for a finding of prejudice); *FOX Factory*, 2018 WL 317839, at *2 (finding no waiver because the trial was ten months away and the judge had not observed a "tactical wait-and-see" bypassing of an opportunity to declare a desire for a different forum); *Smart Wearable Techs. Inc. v. TomTom, Inc.*, No. 3:16CV00049, 2017 WL 4693968, at *2 (W.D. Va. Aug. 31, 2017) (finding no waiver of venue objection because the *Markman* hearing was three months away, trial was over a year away, and there was no indication of intentional delay on the part of the party seeking transfer); *cf. Akeso Health Scis., LLC v. Designs for Health, Inc.*, No. CV1607749SJOPJWX, 2018 WL 2558420, at *3 (C.D. Cal. Jan. 25, 2018) (finding waiver of venue objection where the defendant failed to raise the objection for seven months following *TC Heartland*; during that time, the defendant participated in claim construction, fact discovery had concluded, and the parties had

begun to gear up for trial).

Here, the Court has not yet set a case schedule, much less a trial date. The only parties' only litigation activity to date has been their oppositions to a third party's motion to intervene. ECF Nos. 35, 36. GFE contends that transfer would "force" it to bifurcate its non-patent law claims. *See* ECF No. 54 at 17. However, both parties concede that a federal court has supplemental jurisdiction over GFE's state and common law claims because the claims form part of the same case or controversy and derive from a common nucleus of operative facts such that GFE would not be forced to do anything. *See* ECF No. 1 ¶ 6 (citing 28 U.S.C. § 1367(a)); ECF No. 55 at 12. Thus, GFE has failed to show it would be prejudiced by transfer.

Accordingly, Defendants have not waived their right to file this motion. The Court will consider the motion.

### B. Propriety of Venue

Defendants argue that venue as to Precor is improper in this district because Precor does not "reside" in California and it does not have a regular and established place of business in California. ECF No. 46 at 9. GFE does not contest this argument. *See* ECF No. 54 at 11; *TC Heartland*, 137 S. Ct. at 1515. Therefore, for venue to be proper as to Precor, it must have committed acts of infringement in this district and have a regular and established place of businesses in this district. *See* 28 U.S.C. § 1400(b).

Defendants do not contest GFE's allegations that acts potentially constituting infringement occurred in this district. *See* ECF No. 55 at 8–11. However, they argue that Precor does not have a regular and established place of business in this district. ECF No. 46 at 9. Defendants submit a declaration by Jack Trummer, Vice President of Sales of Precor, stating that Precor does not own, operate, lease, or exercise any attribute of possession or control over any physical facilities; employee offices; or subsidiaries, divisions, or corporate affiliates in the district. ECF No. 47 ¶¶ 6–8. Defendants note that the PHF locations in this district are operated by PNW Commercial Fitness Sales LLC ("PNW"), an independent retail distributor that has a non-exclusive trademark license agreement with Precor. ECF No. 46 at 11. They assert that PNW is not a subsidiary or corporate affiliate and that PNW employees are not Precor employees. *Id.*

5

In response, GFE argues that Precor has a regular and established place of business sufficient for venue through the homes of Precor employees, such as Christine Michaud, and the use of the Precor logo at PHF locations. ECF No. 54 at 11–16; ECF Nos. 54-2, 54-4.[2] These facts are insufficient to show venue. First, while the PHF locations in the district are certainly physical locations and likely have continuous and steady business, these locations fail to establish venue for Precor because they are not "the place of the defendant." *Cray*, 871 F.3d at 1360.

GFE also does not refute Defendant's assertion that PNW is an independent distributor.[3] *See* ECF No. 54, at 11–16; ECF No. 47 ¶ 9. This district and others have held that a defendant cannot establish venue through the presence of independent distributor. *See e.g.*, *FOX Factory*, 2018 WL 317839 at *3 (citations omitted) ("[t]he presence of independent dealers in a district does not qualify as a 'regular and established place of business.'"); *Reflection, LLC v. Spire Collective LLC*, No. 17CV1603-GPC(BGS), 2018 WL 310184, at *2–3 (S.D. Cal. Jan. 5, 2018) (storing products in an independent distributor's warehouse and selling products in the state through a third party are not sufficient to show venue under the statute); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, 254 F. Supp. 3d 836, 840 (E.D. Va. 2017) ("The presence of independent dealers in a district does not qualify as a 'regular and established place of business.'"); *CAO Lighting, Inc. v. Light Efficient Design*, No. 4:16-CV-00482-DCN, 2017 WL 4556717, at *3 (D. Idaho Oct. 11, 2017) (physical locations with regular and established business belonging to preferred partner distributors do not establish venue). Nor is it sufficient that a subsidiary or other closely-related entity be located in the district. *See e.g.*, *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018) ("For purposes of venue, '[s]o long as a formal separation of [closely related] entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other.'" (quoting 14D Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3823 (4th ed.

---

[2] While GFE alleges that it has identified multiple employees in the district, it names only Michaud in its opposition. *See* ECF No. 54 at 12–13.
[3] GFE does not concede this directly, but it acknowledges that "Precor employees live in this [d]istrict presumably to engage the numerous distributors and retailers in this [d]istrict, including the seven (7) Precor Home Fitness locations[.]" ECF No. 54 at 13.

6

2018)); *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 931 (E.D. Va. 2017) (a subsidiary's three locations could not be imputed to the parent company for purposes of venue as the subsidiary was a distinct corporate entity).

As GFE correctly notes, PHF's use of Precor's logo on its locations within this district is a relevant consideration. ECF No. 54 at 15–16; *see Cray*, 871 F.3d at 1363–64 ("Potentially relevant inquiries include whether the defendant . . . places its name on a sign associated with or on the building itself"). The use of a logo alone, however, is inadequate. "[T]he mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant *must actually engage in business from that location.*" *Id.* at 1364 (emphasis added).[4] GFE alleges no facts that might indicate Precor engages in business from PHF locations, that Precor has any control over said locations, or that Trummer's statement regarding PNW's status as an independent distributor is untrue.

Second, GFE alleges that Precor has a physical place in this district because Precor employees maintain workplaces in this district. ECF No. 54 at 12. GFE's evidence for this assertion is that Michaud's social media accounts list her occupation as "Key Account Manager at Precor" in the "San Francisco Bay Area" and that she provides a telephone number whose area code is associated with this district. ECF No. 54 at 15.[5]

In *Cray*, the Federal Circuit highlighted potential relevant considerations for determining whether an employee's home is the place of the defendant including: whether the defendant owns, leases or exercises control over the place, conditions employment on residence in the district, stores materials in the employee's home, conducts demonstrations in the employee's home, or publicly advertises the home as a place of business. *See Cray*, 871 F.3d at 1363–65. The court found that the facts did not show that Cray maintained a regular and established place of business

---

[4] GFE also argues that Precor's principal office in the state of California is located in Sun Valley, California. ECF No. 54 at 14. GFE cites Precor's 2004 "Statement and Designation by Foreign Corporation." *Id.* Precor does not respond to this argument. However, GFE provides no evidence that Precor engages in business from that location. Sun Valley also is not located in this judicial district.

[5] While GFE also speculates as to other employees in the district, it fails to provide any evidence about these employees or their homes. *See id.* at 12.

7

1   in the district through its employees' homes because there was no evidence of any of these factors.
2   *Id.* at 1365. Similarly here, GFE does not provide sufficient evidence to support a finding that any
3   of Precor employees' homes are the regular and established places of business of Precor. *See also*
4   *Am. Cyanamid Co. v. Nopco Chem. Co.*, 388 F.2d 818, 820 (4th Cir. 1968) (regional sales
5   manager maintaining a portion of his home as an office was insufficient to show venue);
6   *BillingNetwork Patent, Inc. v. Modernizing Med., Inc.*, No. 17 C 5636, 2017 WL 5146008, at *3
7   (N.D. Ill. Nov. 6, 2017) (five work-at-home employees were insufficient to show venue as to the
8   defendant because it did not own, lease, or contribute financially to the homes; did not require
9   employees to reside in the district; and did not publicly advertise or list the homes).

In short, GFE has failed to meet its burden of showing venue was proper in this district because it has not shown how the locations it has identified are the "place of the defendant." *See id.* at 1360. Venue is improper to this district because Precor does not have a regular and established place of business. *See* 28 U.S.C. § 1400(b).

### C.  Request for Discovery

Alternatively, GFE requests that the Court defer ruling on the instant motion so that GFE may conduct venue-related discovery. ECF No. 54 at 17. "Whether to permit discovery relating to venue is within the Court's discretion." *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014). GFE identifies no specific fact it hopes to obtain from discovery that might reveal that venue is proper in this district, either in its opposition or at the hearing on the motion. The request is denied. *See FOX Factory*, 2018 WL 317839, at *4 (denying request for venue discovery because the plaintiff provided no basis for good faith argument); *Kaia Foods*, 70 F. Supp. 3d at 1187 (declining to exercise discretion to permit the plaintiff to conduct discovery on venue because plaintiff offered "nothing in its briefs or at oral argument that leads the Court to believe that venue discovery will change the result on this issue.").

### D.  Proper Venue

Venue is proper as to both Defendants in the Western District of Washington. Precor's principal place of business is in Woodinville, Washington which is located in the Western District of Washington. ECF No. 1 ¶ 3. Defendants state without contradiction that 24 Hour Fitness has a

8

regular place of business in the Western District of Washington. ECF No. 46 at 6. Since the Court finds that venue is improper in this district and proper in the Western District of Washington, it is in the interest of justice to transfer the action to that district rather than dismiss. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer is granted and the instant case shall be transferred to the Western District of Washington.[6] GFE's request for venue-related discovery is denied.

**IT IS SO ORDERED.**

Dated: June 29, 2018

_____
JON S. TIGAR
United States District Judge

---

[6] In light of this order, the Court need not address Defendants' alternative request for entry of judgment on the pleadings pursuant to Rule 12(c).